UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

WINDY LUCIUS,

    Plaintiff,

v.

EGGS IN WYNWOOD LLC
d/b/a Buya Izakaya + Yakitori

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Windy Lucius hereby sues Defendant Eggs in Wynwood LLC doing business as "Buya Izakaya + Yakitori" for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

    1.    Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

    2.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

    3.    Plaintiff Windy Lucius ("Plaintiff") is a Florida resident, lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. §§ 12102(1)-(2), the regulations

implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4. Plaintiff uses the internet and a mobile device to help her navigate a world of goods, products and services like the sighted. The internet, websites and mobile applications provide her a window into the world that she would not otherwise have. She brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired.

5. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights. As such, she monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6. Defendant Eggs in Wynwood LLC ("Defendant") is a Florida limited liability company which owns and operates a place of public accommodation which is an upscale trendy Japanese style restaurant branded as "Buya Izakaya + Yakitori." The Buya Izakaya + Yakitori restaurant is located within Miami-Dade County at 250 NW 24th Street, Miami, Florida 33127 and is open to the public. As such, it is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). The Buya Izakaya + Yakitori restaurant is also referenced throughout as "place of public accommodation," "Buya Izakaya + Yakitori Wynwood (restaurant)," "Buya

Wynwood (restaurant)," or "restaurant."

7. Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates the Buya Izakaya + Yakitori restaurant in Wynwood; see 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2): "[A] restaurant, bar, or other establishment serving food or drink."

8. Subsequent to the effective date of the ADA, the https://www.buyarestaurants.com mobile website (hereinafter "mobile website" or as "Buya mobile website") was constructed for the general public to access on their mobile devices (phones, tablets) information for patronizing "Buya" brand restaurants. The https://www.buyarestaurants.com mobile website supports four "Buya" brand restaurants which are as follows:

a) Buya Izakaya + Yakitori, located at 250 NW 24th Street, Miami Florida 33127 (which is the subject of this instant action),

b) Buya Izakaya + Raman[1], located at 911 Central Avenue, St Petersburg, Florida 33705,

c) Buya Potsdam[2], located in Potsdam, Brandenburg Germany, and

d) Buya Berlin[3], located in Kreuzberg, Germany.

9. The Buya mobile website supports, is an extension of, is in conjunction with, and is complementary and supplemental to Defendant's Buya Izakaya + Yakitori Wynwood restaurant. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at Defendant's Buya Izakaya + Yakitori Wynwood physical location.

10. The https://www.buyarestaurants.com mobile website provides a link to Defendant's Buya Wynwood restaurant as a way for the public to become familiar with the Buya

---

[1] The owner of Buya Izakaya + Raman is Edge Restaurant Holdings, LLC, which is not a party to this instant action.
[2] The owner of Buya Potsdam is a German entity and is not a party to this action
[3] The owner of Buya Berlin is a German entity and is not a party to this action

3

Izakaya + Yakitori Wynwood restaurant location, menu selections and hours of operation. The mobile website also provides a link to reserve a table for dining within the restaurant, provides a link to order food delivered (through Uber Eats), and provides other information Defendant seeks to communicate to the public regarding its Buya Wynwood restaurant. By the provision of menu selection, reservation services, and food delivery option, the mobile website is an integral part of the goods and services offered by Defendant with respect to its Buya Wynwood restaurant. By this nexus, the mobile website is characterized as a Place of Public Accommodation to Title III of the ADA[4], 42 U.S.C. §12181(7)(B).

11. The Buya mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. With respect to Defendant's Buya Wynwood restaurant, the mobile website is subjected to the ADA because it is offered as a tool to promote, advertise and sell products and services from the Buya Wynwood brick-and-mortar restaurant location which is a place of public accommodation. As a result, the Buya mobile website must interact with Defendant's restaurant and the public, and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[5]

12. The Buya mobile website does not properly interact with the VoiceOver screen

---

[4] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." (See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

[5] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

reader software technology in a manner that allows blind and visually impaired individuals to comprehend the mobile website and does not provide other means to accommodate blind and visually impaired individuals.

13. Like the seeing community, Plaintiff would like the opportunity to be able to use the Buya mobile website to comprehend the Buya Wynwood restaurant menu selections, make reservations to dine in the restaurant, and to order food for delivery. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur, Plaintiff will continue to be denied full and equal access to the mobile website as described and will be deterred from fully using the mobile website to facilitate dining at Defendant's Buya Wynwood restaurant.

14. Plaintiff is continuously aware of the violations on the Buya mobile website and is aware that it would be a futile gesture to attempt to utilize the mobile website as long as those violations exist unless she is willing to suffer additional discrimination.

15. Defendant and alike restaurants are fully aware of the need to provide full access to all visitors to the mobile websites they employ, as such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

16. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is her only means to secure adequate redress from Defendant's discriminatory practice.

17. Notice to Defendant is not required as a result of its failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney

Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205 and 28 CFR §36.505.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

19. The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

20. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

21. 28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

22. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

23. The Buya mobile website has been designed to integrate with Defendant's Buya Wynwood restaurant through its published menus and the provision of a reservation service as well as a food delivery option; therefore, the mobile website is an extension of Defendant's Place

6

of Public Accommodation. By and through the Buya mobile website, Defendant extends its Buya Wynwood Place of Public Accommodation into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of Defendant's Place of Public Accommodation. As such, the mobile website is integrated with, and is a nexus to, Defendant's Buya Wynwood brick-and-mortar location. Therefore, it is governed by the following provisions:

   a. U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

   b. 42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

   c. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

   d. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good,

service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

      e.      42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

      f.      42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

      g.      42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

      h.      42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

24. Plaintiff attempted to access and/or utilize the Buya mobile website in order to test access to Defendant's Buya Wynwood restaurant, but was unable to, and she continues to be unable to enjoy full and equal access to the mobile website and/or understand the content therein because numerous portions of the mobile website do not interface with mobile VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to VoiceOver screen reader software users include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

i. Guideline 1.3.2 Meaningful Sequence is violated. Content must be presented in a meaningful order, and the mobile website fails to meet this requirement. When a mobile VoiceOver screen reader software user opens the unlabeled *Reservation* button, they are taken to the *Reservation* form. When the mobile VoiceOver screen reader software user opens the *Reservation* form and swipes to the date, focus automatically and without notice, moves to the top of the page to a hidden element. Then mobile VoiceOver screen reader software users hear "table not found" and became stuck. As a result, mobile VoiceOver screen reader software users are unable to continue with the reservation process.

ii. Guideline 2.4.3 Focus order: The mobile website is required to provide focus in a logical order, and this has been violated. When a mobile VoiceOver screen reader software user opens the *Menu* button, the page auto scrolls to the *Menu* section, but the section is not announced. When a mobile VoiceOver screen reader software user swipes, the page auto scrolls back to the original, and to the top of the page and moves to the *Opening Hours* button which is then announced as "Opening Hours Menu Popup."

iii. Guideline 2.4.6 Headings and Labels is violated.  For example, the *Reservations* button is not labeled. For mobile VoiceOver screen reader software users, the button is announced only as the restaurant name followed by "dot html in-page link" which is confusing to mobile VoiceOver screen reader software users so they cannot make a reservation through the mobile website without assistance from a sighted individual.

iv. Guideline 3.3.2 Labels or Instructions is violated. The icons and the buttons in the *Reservation* form are not labeled for mobile VoiceOver screen reader software users. For example, each of the buttons are announced as "m" and the icons are announced as a single letter such as the calendar icon which is announced as "d."

v. Guideline 4.1.2 Name, Role, Value is violated. All elements must be built for accessibility and this is not the case. Since mobile VoiceOver screen reader software users cannot make a reservation using the unlabeled *Reservation* icon, the user could attempt to make a reservation using the menu item titled *Reservation*. Once the *Reservation* item is opened, the page auto scrolls to the *Reservation* form, but focus does not move to the form. Instead,

focus moves to the icon above the form which is announced as "index dot html visited link." After this was announced, a mobile VoiceOver screen reader software user might swipe again to access the form, but focus moves back to the very top of the page so mobile VoiceOver screen reader software users do not hear the *Reservation* form at all. Therefore, this second method of attempting to make a reservation is not possible for mobile VoiceOver screen reader software users.

25. The Buya Website may have been created and may be maintained by an entity apart from Defendant and the Buya mobile website reservation system may be linked to a third party vendor. The fact that all or a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to an entity apart from Defendant or a third party vendor (food delivery / reservation platform) does not absolve Defendant of culpability. Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(b). Those requirements include a prohibition against subjecting patrons with disabilities to discrimination "through contractual, licensing, or other arrangements," such as use of third party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves).

26. Due to the link between the Buya mobile website and Defendant's Buya Wynwood restaurant location, Defendant is required to comply with the ADA and the provisions cited above. This includes Defendant's obligation to insure that the mobile website which features its Buya Wynwood restaurant is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the mobile website and the content therein, including the ability to make a reservation to dine within the Buya Wynwood restaurant and to order food online and have that

food order delivered to their homes.

27. With respect to the mobile website and its relationship to Defendant's Buya Wynwood restaurant, Defendant has violated the ADA by failing to insure an interface within the mobile website and VoiceOver screen reader software utilized by visually impaired individuals (as specifically delineated within paragraph 24) either directly or through contractual, licensing or other arrangements. Defendant's violations have resulted in Defendant denying Plaintiff accommodation on the basis of her disability:

    a. by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

    b. in the denial of providing Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

    c. in failing to afford Plaintiff the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

    d. by providing Plaintiff a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others) (42 U.S.C. § 12182(b)(1)(A)(iii));

    e. by failing to afford Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the

disabled individual (42 U.S.C. § 12182(b)(1)(B));

      f.    notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying Plaintiff the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

      g.    by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

      h.    by a failure to take such steps as may be necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden) (42 U.S.C. § 12182(b)(2)(iii)).

28.    Plaintiff is continuously aware of the violations within the mobile website as related to the Buya Wynwood restaurant and is aware that it would be a futile gesture to attempt to utilize the mobile website as long as those violations exist unless she is willing to suffer additional discrimination.

29.    Plaintiff is well aware that the ADA requires effective communications. However, long after the required date of compliance, many public accommodations refuse to comply leaving Plaintiff feeling excluded and rejected because she is disabled. As a result, Plaintiff has suffered (and continues to suffer) frustration and humiliation as the result of the discriminatory conditions

present within the mobile website. By continuing to rely on and utilize the mobile website which contains discriminatory conditions for servicing its Buya Wynwood restaurant, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions within that mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By relying on and using a mobile website which services its Wynwood restaurant that is violative of the ADA, Defendant has deprived Plaintiff the equality of opportunity offered to the general public.

30. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA and conform the Buya mobile website to WCAG 2.1 Level A and AA Guidelines.

31. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendant's non-compliance with the ADA with respect to the Buya mobile website as it relates to its Buya Wynwood restaurant. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by Defendant when she visits the mobile website to test for compliance with the ADA. Plaintiff desires to access the mobile website to avail herself of the benefits, advantages, goods and services therein, and/or to assure herself that the mobile website is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the mobile website with respect to the Buya Wynwood restaurant without fear of discrimination.

32. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief as requested herein.

33. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter the Buya mobile website with respect to its Buya Wynwood restaurant to make it readily accessible to and usable by Plaintiff and other persons with vision impairments.

**WHEREFORE,** Plaintiff Windy Lucius hereby demands judgment against Defendant Eggs in Wynwood LLC doing business as Buya Izakaya + Yakitori and requests the following injunctive and declaratory relief:

a. The Court issue a Declaratory Judgment that determines that the mobile website is in violation of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*;

b. The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain the mobile website with respect to its Buya Wynwood restaurant to ensure that it is readily accessible to and usable by persons with vision impairment;

c. The Court issue an Order directing Defendant to alter the mobile website with respect to its Buya Wynwood restaurant to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the Buya mobile website for purposes of comprehending Defendant's Buya Wynwood menu selections, making reservations to dine therein,

      and ordering food online for delivery, and other information provided in the mobile website, and during that time period prior to the mobile website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so that disabled individuals are not impeded from obtaining the goods and services made available to the public through the mobile website.

e. The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f. The Court enter an Order directing Defendant to continually update and maintain the mobile website (with respect to its Buya Wynwood restaurant) to ensure that it remains fully accessible to and usable by visually impaired individuals;

g. The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h. The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: April 25, 2022

                                            Respectfully submitted,

                                            */s/ J. Courtney Cunningham*
                                            J. Courtney Cunningham, Esq.
                                            J. COURTNEY CUNNINGHAM, PLLC
                                            FBN: 628166
                                            8950 SW 74th Court, Suite 2201
                                            Miami, Florida 33156
                                            Telephone: 305-351-2014
                                            cc@cunninghampllc.com